## FAILURE TO GIVE OPPORTUNITY FOR AGREEMENT IN APPROPRIATION PROCEEDING.

Circuit Court of Summit County.

THE BIG CUYAHOGA LIGHT, HEAT & POWER COMPANY v. THE TURNER, VAUGHN & TAYLOR COMPANY.

Decided, October 11, 1909.

*Appropriation—Inability to Agree as to Compensation—Evidence.*

In an appropriation case, the jurisdictional fact that the corporation was unable to agree with the owners of the property sought to be appropriated as to compensation therefor is not shown by like propositions made to all the owners of different parcels of varying size and value, mailed to them the evening before suit was begun, without opportunity on their part to consider the propositions.

*G. M. Anderson,* for plaintiff in error.
*Allen, Waters, Young & Andress,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The original proceeding in this case was begun in the probate court by the plaintiff in error for the purpose of appropriating certain lands and rights of defendants in error. At the conclusion of the evidence on the preliminary hearing in that court; the probate judge dismissed the petition as to these defendants in error on the ground that the plaintiff had failed to bring itself within the requirements of Section 6415, Revised Statutes, which provides that "Appropriations can only be made when the corporation is unable to agree with the owner."

It is said that the bill of exceptions shows that the plaintiff had made no *bona fide* effort to agree with the owners before it filed its petition in the probate court. The common pleas court took this view of the case and affirmed the judgment.

We entertain the same opinion of the evidence in the case.

The propositions made by plaintiff to these defendants were all alike, offered $1,000 to each, though their properties were of different values, and were mailed about four o'clock one even-

ing and the petition filed shortly after seven o'clock the next morning, before the defendants had any opportunity to consider them or make counter propositions.

The fact that the petition pended some time before it was heard does not change the situation.   These sham offers could not ripen into *bona fide* propositions by the mere lapse of time after the owners had been brought into court.   They then had a law suit to defend and not an opportunity to come to an amicable agreement with the plaintiff.   The record disclosed no further effort to agree with the owners after the filing of the petition.

Judgment affirmed.